IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN LACON,** *Individually and on behalf of all others similarly situated*, <br><br> *Plaintiff* <br><br> v. <br><br> **EDUCATION PRINCIPLE FOUNDATION, et al.,** <br><br> *Defendants.* | Case No. 2:21-cv-03957-JDW |

## ORDER

**AND NOW**, this 23rd day of November, 2021, upon consideration of Defendants Education Principle Foundation And South University-Member, LLC's Motion To Dismiss (ECF No. 24), the Court notes as follows.

**Personal Jurisdiction**

1. A federal court may assert jurisdiction over a nonresident of the forum state to the extent authorized by the law of the forum. *See* Fed. R. Civ. P. 4(k)(2). Pennsylvania law grants jurisdiction coextensive with that permitted by the Due Process Clause of the Fourteenth Amendment. *See* 42 Pa. Cons. Stat. Ann § 5322(b). The Due Process Clause, in turn, requires that nonresident defendants "have certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

2. To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). In the absence of an evidentiary hearing, the plaintiff need only present a *prima facie* case of personal jurisdiction, and the court must take all of the plaintiff's factual allegations as true and resolve all factual disputes in the plaintiff's favor. *See Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010); *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

3. Principle Education Foundation does not dispute that if a defendant placed calls to Mr. Lacon marketing its services, that defendant would be subject to personal jurisdiction in Pennsylvania. But Principle Education Foundation presents a factual challenge, arguing that it did not make any of the calls itself. According to Principle Education Foundation, it cannot be subject to personal jurisdiction in Pennsylvania based on calls that it did not make, even if its subsidiaries made the call.

4. Although it is the plaintiff's burden to show each defendant is subject to the Court's jurisdiction, the Third Circuit requires District Courts to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). And jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Metcalfe v.*

*Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009).  In light of the Third Circuit's mandate, and the unclear roles of each corporation in this matter, the plaintiff may take discovery in order to establish the Court's personal jurisdiction over Education Principle Foundation.

**Failure To State A Claim**

5. A district court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.*  First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787.  Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.*  Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.*  The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790.  In deciding on a motion to dismiss, the court may consider the allegations contained in the complaint, exhibits attached to the

complaint and matters of public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

6. Mr. Lacon has alleged that each of the Defendants made or was responsible for making the phone calls that he disputes. Although he might be guilty of group pleading, he stands his ground in his Opposition and suggests that he meant to say what the Complaint says, which is that each Defendant bears responsibility for making the calls. Notably, Mr. Lacon has not alleged that any defendant faces liability because it is the parent of a company that made the calls at issue, nor has he sought to pierce a corporate veil. The Federal Rules of Civil Procedure permit Mr. Lacon to plead in the alternative, and that is what he has done. Based on that understanding of Mr. Lacon's complaint, drawing all inferences in his favor, and without any discovery to parse out the roles of the corporations, it is plausible that each of the defendants were involved with the calls, at least as an alternative possibility. Therefore, the Court will not dismiss the claims at this time.

In light of the foregoing, it is **ORDERED** as follows:

1. The Parties may obtain jurisdictional discovery relevant to the Court's personal jurisdiction over Education Principle Foundation. Plaintiff shall serve all written discovery concerning personal jurisdiction by December 8, 2021. Responses to written discovery shall be served by December 30, 2021. All jurisdictional discovery shall be completed by February 4, 2022. The Parties shall submit supplemental briefs about the

Court's personal jurisdiction over Education Principle Foundation. Supplemental briefs will be limited to ten pages, including signature blocks, and must be submitted on or before February 11, 2022. The Court will not accept subsequent submissions; and

    2.    Defendant South University-Member, LLC's Motion To Dismiss is **DENIED**.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge