**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Ryan Lacon,<br><br>　　Plaintiff,<br><br>　　v.<br><br>EDUCATION PRINCIPLE FOUNDATION; SOUTH UNIVERSITY-MEMBER, LLC; SOUTH UNIVERSITY, SAVANNAH, LLC and YODEL TECHNOLOGIES, LLC,<br><br>　　Defendants. | Docket No.: 21-3957 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SOUTH UNIVERSITY-MEMBER, LLC TO PLAINTIFF'S COMPLAINT**

Defendant South University-Member, LLC ("Answering Defendant"), by and through their undersigned counsel, Freeman Mathis & Gary, LLP, respond to Plaintiff Ryan Lacon's Complaint as follows:

**Summary of the Claims**

1. The allegations contained in paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

2. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 2, and therefore denies the same.

3. Answering Defendant denies the allegations contained in paragraph 3 as to Answering Defendant. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 3, and therefore denies the same.

4. Answering Defendant lacks knowledge or information sufficient to admit or deny the reasons why Plaintiff initiated this litigation, and therefore denies the same.

## Parties

5. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 5, and therefore denies the same.

6. Answering Defendant admits that Education Principle Foundation is a Delaware corporation that wholly owns South University-Member, LLC, and that South University-Member, LLC wholly owns South University, Savannah, LLC. To the extent a further response is deemed necessary, Answering Defendant denies all remaining allegations in paragraph 6.

7. Admitted.

8. Admitted.

9. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 9, and therefore denies the same.

10. Answering Defendant admits that at least ten institutions of higher education across the United States are wholly owned subsidiaries of South University, Savannah, LLC. To the extent a further response is deemed necessary, Answering Defendants denies all remaining allegations in paragraph 10.

## Jurisdiction & Venue

11. Answering Defendant admits that allegations brought under the Telephone Consumer Protection Act ("TCPA") give rise to federal subject matter jurisdiction. Answering Defendant denies that the Court possesses subject matter jurisdiction because Plaintiff and the putative class members lack standing to bring such claims.

12. Answering Defendant denies this Court possesses personal jurisdictional over South University-Member, LLC and South University, Savannah, LLC because these entities did

not place telephone calls to Plaintiff or putative class members nor are they responsible for such calls.

13. Answering Defendant denies that venue is proper because it did not place telephone calls to Plaintiff or putative class members.

## TCPA Background

14. The allegations contained in paragraph 14 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

15. The allegations contained in paragraph 15 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

16. The allegations contained in paragraph 16 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

17. The allegations contained in paragraph 17 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

18. The allegations contained in paragraph 18 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

19. The allegations contained in paragraph 19 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

20. The allegations contained in paragraph 20 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

21. The allegations contained in paragraph 21 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

22. The allegations contained in paragraph 22 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

23. The allegations contained in paragraph 23 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

24. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 24, and therefore denies the same.

25. Answering Defendant admits it is a private, for-profit institution of higher education. South University, Savannah, LLC admits that six years ago in 2015, under prior ownership, a settlement was reached with the Department of Justice and state attorneys general regarding past recruiting efforts. Answering Defendant denies all remaining allegations in paragraph 25.

26. Answering Defendant denies that it uses a nationwide telemarketing scheme to recruit students, and further denies all other allegations contained in paragraph 26.

27. Answering Defendant admits that it is seeking employees for the position of administrative representative. Answering Defendant admits that the job description for

administrative representative states that such representatives are "[r]esponsible for recruiting qualified applicants for admissions . . . [and] conduct a high quantity of prospect phone contacts to secure appointments and interview activity, and conduct follow-up activity with unresolved interviewees and future class applicants." Answering Defendant denies all remaining allegations in paragraph 27.

28. Answering Defendant denies the allegations contained in paragraph 28.

29. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 29, and therefore denies the same.

30. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 30, and therefore denies the same.

31. Answering Defendant denies the allegations contained in paragraph 31.

32. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 32, and therefore denies the same.

33. Answering Defendant denies the allegations contained in paragraph 33.

34. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 34, and therefore denies the same.

35. Answering Defendant denies the allegations contained in paragraph 35.

36. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 36, and therefore denies the same.

37. Answering Defendant denies the allegations contained in paragraph 37.

38. Answering Defendant denies the allegations contained in paragraph 38.

39. Answering Defendant denies the allegations contained in paragraph 39.

40. Answering Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 40, and therefore denies the same.

41. Answering Defendant admits that on July 30, 2020, Plaintiff spoke with a representative of Answering Defendant named Lateresa Blackwell. Answering Defendant denies all remaining allegations in paragraph 41.

42. Answering Defendant denies the allegations contained in paragraph 42.

43. Answering Defendant denies the allegations contained in paragraph 43.

44. Answering Defendant denies the allegations contained in paragraph 44.

45. Answering Defendant denies the allegations contained in paragraph 45.

46. Answering Defendant denies the allegations contained in paragraph 46.

47. Answering Defendant denies the allegations contained in paragraph 47.

48. Answering Defendant admits that the job description for admissions representative includes the language "conduct a high quantity of prospect phone contacts to secure appointments and interview activity, and conduct follow-up activity with unresolved interviewees and future class applicants." Answering Defendant denies all remaining allegations in paragraph 48.

49. Answering Defendant admits it contracts with third parties to provide marketing services for Answering Defendant. Answering Defendant denies all remaining allegations in paragraph 49.

50. Answering Defendant denies the allegations contained in paragraph 50.

51. Answering Defendant denies the allegations contained in paragraph 51.

52. Answering Defendant denies the allegations contained in paragraph 52.

53. Answering Defendant denies the allegations contained in paragraph 53.

54. Answering Defendant denies the allegations contained in paragraph 54.

## Class Action Allegations

55. The allegations in paragraph 55 contain characterizations of the Complaint to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations and denies that this action is proper for class adjudication.

56. The allegations in paragraph 56 contain characterizations of the Complaint to which no response is required. To the extent a response is deemed necessary, Answering Defendant denies all allegations and denies that this action is proper for class adjudication.

57. Answering Defendant denies the allegations contained in paragraph 57.

58. Answering Defendant denies the allegations contained in paragraph 58.

59. Answering Defendant denies the allegations contained in paragraph 59.

60. No response is required for the allegations contained in paragraph 60. To the extent a response is deemed necessary, Answering Defendant denies all allegations.

61. Answering Defendant denies the allegations contained in paragraph 61.

62. Answering Defendant denies the allegations contained in paragraph 62.

63. Answering Defendant denies the allegations contained in paragraph 63.

64. Answering Defendant denies the allegations contained in paragraph 64.

65. Answering Defendant denies the allegations contained in paragraph 65.

66. Answering Defendant denies the allegations contained in paragraph 66.

67. Answering Defendant denies the allegations contained in paragraph 67.

## Claims for Relief

68. Answering Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 68.

69. Answering Defendant denies the allegations contained in paragraph 69.

70. Answering Defendant denies the allegations contained in paragraph 70.

71. Answering Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 71.

72. Answering Defendant denies the allegations contained in paragraph 72.

73. Answering Defendant denies the allegations contained in paragraph 73.

74. Answering Defendant denies the allegations contained in paragraph 74.

75. Answering Defendant denies the allegations contained in paragraph 75.

76. Answering Defendant denies the allegations contained in paragraph 76, denies that Plaintiff and the putative class members are entitled to redress, and denies that this action is proper for class-based adjudication.

WHEREFORE, Answering Defendant denies that Plaintiff and putative class members are entitled to the relief for which they pray. Answering Defendant prays that Plaintiff's Complaint be dismissed with prejudice, and that the Court award Answering Defendant the costs of this action and expenses, including reasonable attorneys' fees.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred to the extent it purports to bring claims on behalf of any individuals other than Ryan Lacon because he is the only named Plaintiff and the Complaint fails to state a claim for class action certification under Fed. R. Civ. P. 23.

3. Plaintiff lacks standing to bring this action because he has not suffered an injury-in-fact as a result of any conduct by Answering Defendant.

4. Plaintiff failed to join necessary and/or indispensable parties.

5. Plaintiff's claims are barred because any calls Plaintiff received were made with his prior consent.

6. Plaintiff's claims are barred because any calls Plaintiff alleges to have received were not placed by Answering Defendant, Answering Defendant's agent, or any other entity for which Answering Defendant may be vicariously liable under the TCPA.

7. Answering Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the putative class members.

8. Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

9. To the extent that Answering Defendant placed any telephone calls to Plaintiff or any violations of the TCPA by Answering Defendant occurred, Answering Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B) and because Answering Defendant did not willfully or knowingly violate the TCPA.

10. Claims of the putative classes are barred, in whole or part, by the applicable statute of limitation

11. The Court lacks jurisdiction over the claims of the putative class.

12. The putative class should not be certified because the requirements of Fed. R. Civ. P. 23(a) cannot be met.

13. The putative class members lack standing to bring this action because they have not suffered an injury-in-fact as a result of any conduct by Answering Defendant.

14. A class action should not be certified because the class as defined is an improper class requiring individual inquiry about each putative class members' claims and Answering Defendant's affirmative defenses.

15. To the extent that Answering Defendant placed any telephone calls to Plaintiff or any violations of the TCPA by Answering Defendant occurred, which Answering Defendant denies, Plaintiff's claims pre-dating July 8, 2020 are barred because the TCPA was unconstitutional by virtue of a content-based restriction on speech between 2015 and July 8, 2020.

WHEREFORE, Answering Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, and award Answering Defendant the costs of this action and expenses, including reasonable attorneys' fees.

BY:
      /s/ Justin J. Boron
      Justin J. Boron

      /s/ Kayla M. Panek
      Kayla M. Panek

*Attorneys for Defendants Education Principle Foundation, South University-Member, LLC, and South University, Savannah, LLC*

**Freeman Mathis & Gary, LLP**
Justin J. Boron
Kayla M. Panek
IDs: 324797 / 330393
1600 Market Street, Suite 1210
Philadelphia, PA 19103
Phone: 215-789-4919
jboron@fmglaw.com / kpanek@fmglaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed electronically via the Court's ECF filing system on December 6, 2021, which will, in turn, electronically serve all counsel and parties of record.

                                                  */s/ Justin J. Boron*
                                                  Justin J. Boron

                                                  */s/ Kayla M. Panek*
                                                  Kayla M. Panek

                                                  *Attorneys for Defendants Education Principle Foundation, South University-Member, LLC, and South University, Savannah, LLC*