IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Ryan Lacon,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**EDUCATION PRINCIPLE FOUNDATION; SOUTH UNIVERSITY-MEMBER, LLC; SOUTH UNIVERSITY, SAVANNAH, LLC and YODEL TECHNOLOGIES, LLC,**<br><br>　　**Defendants.** | **Civil Action No.** 21-3957 |

## SOUTH DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER

Defendants Education Principle Foundation, South University-Member, LLC, South University, Savannah, LLC (collectively, "South Defendants") move this Court for entry of the Proposed Protective Order attached as Exhibit "A" to this Motion, for the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference. Plaintiff Ryan Lacon and Defendant Yodel Technologies, LLC do not oppose this motion.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ryan Lacon,<br><br>  **Plaintiff**,<br><br>  v.<br><br>EDUCATION PRINCIPLE FOUNDATION; SOUTH UNIVERSITY-MEMBER, LLC; SOUTH UNIVERSITY, SAVANNAH, LLC and YODEL TECHNOLOGIES, LLC,<br><br>  **Defendants.** | **Civil Action No.** 21-3957 |

## MEMORANDUM OF LAW IN SUPPORT OF SOUTH DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER

Defendants Education Principle Foundation, South University-Member, LLC, and South University, Savannah, LLC (collectively, "South Defendants") submit this memorandum of law in support of their Unopposed Motion for Entry of Proposed Protective Order. Plaintiff Ryan Lacon ("Lacon") and Defendant Yodel Technologies, LLC ("Yodel") do not oppose the Motion for Entry of Proposed Protective Order.

## BACKGROUND

Lacon brings claims under the Telephone Consumer Protection Act arising from alleged calls made to his cellular phone in June and July 2020. Discovery in this matter has involved the production of confidential personal, business, and/or proprietary information. Special protection from public disclosure and from use for any purpose other than litigating this action is warranted. Specifically, parties have requested in discovery, have produced, or could produce documents and information relating to the following:

- The personal information of prospective consumers, including their names, telephone numbers, addresses, and educational and occupational background, among other information
- Parties' internal marketing strategies and procedures containing proprietary information
- Contracts between parties containing proprietary information about the parties' businesses, pricing, and business model

Parties have not delayed discovery pending entry of this Proposed Order. Rather, the parties are completing written discovery and have abided by the terms of this Proposed Protective Order. However, South Defendants respectfully request that the Court enter the Proposed Protective Order so that it is in place when the parties take depositions. Further, the Order will protect documents already produced and documents produced by third parties where the third party may not be comfortable relying on the agreement of counsel to maintain the confidentiality of discovery materials. Neither Lacon nor Yodel oppose entry of this protective order.

## LEGAL ARGUMENT

Good cause exists to justify the South Defendants' unopposed request for entry of a protective order. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("whether an order of confidentiality is granted at the discovery stage or any other stage of litigation, including settlement, good cause must be demonstrated to justify the order."). "Good cause is established showing that disclosure will work a clearly-defined and serious injury to the party seeking closure." *Id.* (citations omitted). In determining whether good cause exists, the Court must weigh the harm that would result if the information is not protected from disclosure to the public.

The following factors may be balanced by the court, but are not mandatory or exclusive: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 661 (3d. Cir. 2019) (citing *Glendmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787–91)). "The party seeking to overcome the presumption of [public] access [to confidential materials] bears the burden of showing that 'the interest in secrecy outweighs the presumption'" by showing that "the material is the kind of information that the courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg.*, 924 F.3d at 672 (citing *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) and *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

Here, application of the *Pansy* factors warrants entry of the proposed Protective Order to protect the privacy interest of nonparties' personal information and the confidentiality of personal and business information.

First, discovery could include information such as individual's names, phone number, and addresses. This is the kind of private information that courts have protected. *See Castle v. Crouse*, No. 03-5252, 2004 LEXIS 9475, *7 (E.D. Pa. May 24, 2004) (finding that good cause exists to enter a protective order for identifying personal information such as name and address.).

To the extent that any confidential personal information of non-parties to the action is produced, good cause exists to protect it from public disclosure.

Second, confidential business information should be protected. Discovery will likely include party and non-party documents referencing business models, marketing, plans, and contracts with third-party providers. A failure to protect this information will harm the competitive standing of defendants and non-party businesses. This business information is also the type that courts will protect *See Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993); *Lepage's, Inc. v. 3M*, No. 97-3983, 1997 LEXIS 18713 (E.D.Pa. Nov. 18, 1997). Good cause exists to protect the confidential business information subject to discovery in this case.

In the light of the application of the *Pansy* factors as discussed, the Court should exercise its discretion and enter the Proposed Protective Order.

## **CONCLUSION**

For all of the foregoing reasons, South Defendants respectfully request that the Court grant their Unopposed Motion for Entry of Proposed Protective Order and enter and approve the Proposed Protective Order attached as "Exhibit A."

Dated: February 10, 2022

Respectfully submitted,

**Freeman, Mathis & Gary, LLP**
Justin J. Boron & Kayla M. Panek
1600 Maket Street, Suite 1210
Philadelphia, PA 19103
T: 215.789.4919
Justin.boron@fmglaw.com
Kayla.panek@fmglaw.com

**Maynard Cooper & Gale**
Ollie A. Cleveland, III
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
T: 205.254.1000
tcleveland@maynardcooper.com

Brian T. Sattizahn
655 Gallatin St. SW
Huntsville, AL 35801
T: 256-562-1163

5

BSattizahn@maynardcooper.com
*Attorneys for Defendants Education Principle*
*Foundation, South University-Member, LLC,*
*and South University, Savannah, LLC*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Ryan Lacon,**<br><br>          **Plaintiff,**<br><br>          v.<br><br>**EDUCATION PRINCIPLE FOUNDATION; SOUTH UNIVERSITY-MEMBER, LLC; SOUTH UNIVERSITY, SAVANNAH, LLC and YODEL TECHNOLOGIES, LLC,**<br><br>          **Defendants.** | **Civil Action No.** 21-3957 |

## [PROPOSED] PROTECTIVE ORDER

The Court has considered South Defendants' motion for a protective order, unopposed by Plaintiff or Defendant Yodel Technologies, and a concludes that a Protective Order is warranted to bind the parties, and any non-party subject to discovery in this action, to the following terms governing the production and use of Confidential Information in this action.

### I.     SCOPE OF PROTECTIVE ORDER

This Protective Order applies to the attorneys of record in this case, the parties, including any officers, directors, employees, agents, and representatives of the party, and any non-parties who execute a consent to be bound by this order. The order applies to all documents or information, including from any non-party, that are produced or generated in connection with discovery or Rule 26(a) disclosures in this case ("Discovery Materials"). In addition, this Protective Order allows for the parties to file Confidential Information with the Court under seal, subject to the Eastern District of Pennsylvania Local Rule 5.1.4. This Protective Order applies

regardless of whether Confidential Information was produced before or after entry of this Protective Order.

## II.     DEFINITION OF CONFIDENTIAL INFORMATION

1. "Confidential Information" means any information, whether oral or in documentary or other tangible form, that any party reasonably and in good faith believes is information protectable under F.R.C.P. 26(c)(1)(G). This includes, but is not limited to, (1) non-public, confidential, proprietary, or commercial information not readily ascertainable through lawful means by the public or the receiving party; (b) information that is commercially sensitive, including, without limitation, research or business development; and (c) information kept confidential pursuant to law, regulation, or agreement with a third party.

2. "Confidential Information" includes not only those items or things that are expressly designated as such, but also any information derived from Confidential Information, and all copies, excerpts, summaries, testimony, and oral conversation related to the designated Confidential Information.

## III.    DESIGNATION OF CONFIDENTIAL INFORMATION

1. Designation of Confidential Information must be made by placing the word "CONFIDENTIAL" on the document. Except for documents produced for inspection at the party's facilities, the designation of Confidential Information must be made before, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, documents may be produced for inspection before being marked "CONFIDENTIAL." Once produced for copying, any documents containing Confidential Information will then be marked "CONFIDENTIAL" after copying but before delivery to the party who inspected and designated the documents. Parties

will not waive confidentiality by inspecting Confidential documents before they are copied and marked "CONFIDENTIAL."

      i.      Any party, including any third party, may obtain Confidential treatment for any information disclosed in this litigation.

      ii.      In answering any interrogatory, request for admission, or part thereof, a party may designate its answer as Confidential by placing the word "CONFIDENTIAL" on the document.

    2.    If a producing party discovers after the production of a document that it has inadvertently failed to designate the document as "CONFIDENTIAL" material, it may within thirty (30) days after production give written notice to the receiving party that the document is Confidential material, whereupon:

      i.      the receiving party will, to the extent possible, retrieve all copies of the inadvertently produced document and return them to the producing party;

      ii.      the producing party will simultaneously provide copies of the same document with each page marked "CONFIDENTIAL"; and

      iii.      thereafter the parties will treat the copies as Confidential Information.

    3.    If a party receives documents from a non-party pursuant to a formal or informal discovery request, any party may designate any or all of the documents as Confidential Information. The designating party will give all other parties a list of the documents, by Bates number, designated as Confidential Information.

    4.    Portions of depositions of a party's present and former officers, directors, employees, agents, and representatives must be deemed Confidential Information when the deposition is taken. If a party discovers after the conclusion of a deposition that it has

inadvertently failed to designate the deposition testimony as Confidential, it may designate the testimony as Confidential by writing to counsel for the opposing parties no later than thirty (30) days after the conclusion of the deposition. Before the end of the 30 days, the parties shall treat the entire deposition testimony, transcript, and exhibits as if they had been designated as Confidential Information. After 30 days from the completion of the deposition, the parties need not treat any part of the deposition transcript or exhibits as confidential unless a party has designated it as Confidential Information under this order.

### IV.    USE OF CONFIDENTIAL INFORMATION GENERALLY

1.    A person subject to this order may not use information and documents designated "CONFIDENTIAL" under this Order for any purpose except for use in this action.

2.    A person subject to this order may not disclose or permit disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except:

   i.    Disclosure may be made to attorneys of record in this action and their employees who they reasonably believe have direct responsibility for the preparation and trial of this litigation. Any employee to whom counsel makes a disclosure must be advised of this Order and sign the attached Acknowledgment of Protective Order.

   ii.    Disclosure may be made to the author and any recipients.

   iii.    Disclosure may be made to court reporters and any person specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to a court reporter or person engaged in making photocopies of documents, that person must agree to be bound by this Order by signing the attached Acknowledgment of Protective Order.

   iv.  Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties to assist in the litigation. Before disclosure to any expert, the expert must be informed of and agree to the provisions of this Order by signing the attached Acknowledgment of Protective Order.

   v.  Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation. Before disclosure, employees must agree to be bound by the terms of this Order by signing the attached Acknowledgment of Protective Order.

   vi.  Disclosure may be made to deponents, designated trial or hearing witnesses, and their counsel during depositions, trial, or pretrial hearings in the litigation.

   vii.  Disclosure may be made to the Court, its clerks and staff (including the court having jurisdiction of any appeal), and the jury in the litigation.

   viii.  Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Before disclosure, such services must agree to be bound by this Order by signing the attached Acknowledgment of Protective Order.

   ix.  Disclosure may be made to outside counsel engaged to provide assistance and/or advice related to the subject matter of this litigation, and to any employee of an insurer of any party who has direct file-handling responsibility for any claim arising from this litigation. Before disclosure to outside counsel or employee of an insurer, they must agree to be bound by this Order by signing the attached Acknowledgment of Protective Order.

   x.  Disclosure may be made upon written permission of the party who designated the information as Confidential. Written permission for disclosure must include the scope of permitted disclosure, including the specific documents permitted to be disclosed, to

whom the documents may be disclosed, the timeframe for permitted disclosure, the manner of transmission of the Confidential Information, and any other limitation the permitting party deems necessary.

3. Except as provided in Paragraph IV(2)(i-ix), counsel for the parties must keep all Confidential Information received under this Order secure within their exclusive possession. Every person who handles Confidential Information must be informed of the terms of this Order and agree to be bound by it before disclosure by completing the attached Acknowledgment of Protective Order.

4. If Confidential Information is copied or summarized, that copy or summary must be marked "CONFIDENTIAL" at the time it is created.

V. **DESIGNATION OF "CONFIDENTIAL-ATTORNEYS' EYES ONLY" INFORMATION**

1. Material that a party in good faith believes should be subjected to a higher level of confidentiality may be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Attorneys' Eyes Only information is subject to all restrictions and conditions that apply to Confidential material. In addition, Attorneys' Eyes Only information cannot be disclosed to anyone except persons described in Paragraphs IV(2)(i-iii, vii). When Attorneys' Eyes Only information is used at deposition, only those to whom such material may be disclosed may remain in attendance.

   i. Parties must mark materials under this provision as: "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   ii. Material that may be designated as Attorneys' Eyes Only includes: (a) trade secrets; (b) sensitive financial or strategic commercial information, where disclosure of the information could cause harm to a party's competitive position; (c) material or information

concerning which a party has an independent obligation of confidentiality to a third party; and (d) an individual's family, medical, financial, or personnel records, or other highly sensitive or personally identifying information.

   iii. Discovery responses and deposition testimony may be designated Attorneys' Eyes Only in a manner similar to that described in Paragraphs III(1-3), but Attorneys' Eyes Only designations must be made within 10 days rather than 30 days.

 VI. **ADDITIONAL MISCELLANEOUS PROVISIONS**

  1. If any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court in this litigation contain Confidential Information or Attorneys' Eyes Only information, these papers must be filed under seal by the filing party via the Court's electronic filing system or in redacted form agreed upon by the parties. The filing party must take all steps necessary to ensure the documents are not available to the general public. The material submitted under seal must be accompanied by a motion to seal, a statement of reasons why the material is Confidential, and a proposed order.

  2. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person not authorized under this Order, the party must immediately (a) use its best efforts to retrieve all copies of the Confidential Information; (b) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and require that the person sign the attached Acknowledgment of Protective Order; and (c) inform the party who designated the information as Confidential of the unauthorized disclosure.

  3. Compliance with this Protective Order is not an admission that any documents are admissible in evidence. Compliance is not a waiver of objections concerning use of the documents. Agreeing to this Protective Order is not admission by a party that any document or

material designated by another party as Confidential Information or Attorneys' Eyes Only contains proprietary or other confidential matter. Agreeing to this Protective Order will not prejudice the right of any party (i) to seek the Court's determination of whether any particular document or material should be deemed Confidential, or Attorneys' Eyes Only Material or (ii) to seek relief from any provision of this Protective Order, either generally or with respect to any particular documents.

4. If another court or administrative agency subpoenas or orders production of Confidential Information or Attorneys' Eyes Only information, a party receiving that subpoena or order must promptly notify the party who produced the materials of the subpoena or order. The receiving party must also allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order will only be a violation of this Order if a protective order barring disclosure of the information is entered in advance of the response date for the subpoena or order and communicated to the party under subpoena or order.

5. Within thirty (30) days of the conclusion of the above-captioned case, including any appeals, parties must return all Confidential or Attorneys' Eyes Only Material under this Order to the originating party, or must certify the information to have been destroyed. This Order will continue to be binding after the conclusion of this litigation.

6. Any party may challenge a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon motion, and the party claiming the designation bears the burden of showing that the designation is appropriate. In the event of any dispute over designation, the Parties must meet and confer in good faith regarding re-designation before bringing the matter to the Court. A party moving to modify this Order to provide for

greater restrictions on disclosure must show that such a modification is necessary to protect the movant's interests.

BY THE COURT:

*/s/*
JOSHUA D. WOLSON, J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Ryan Lacon,**<br><br>　　**Plaintiff,**<br><br>　　　　v.<br><br>**EDUCATION PRINCIPLE FOUNDATION; SOUTH UNIVERSITY-MEMBER, LLC; SOUTH UNIVERSITY, SAVANNAH, LLC and YODEL TECHNOLOGIES, LLC,**<br><br>　　**Defendants.** | **Civil Action No.** 21-3957 |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

　　I, _____, attest as follows:

　　1.　　I understand that Confidential Information may be disclosed to me under the terms of this Protective Order attached to this Acknowledgment. I have a copy of and have read this Protective Order, and I agree to comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Protective Order and this Acknowledgment.

　　2.　　I will not disclose to anyone else the Confidential Information disclosed to me, nor discuss or describe the substance or content of Confidential Information, except as provided in the Protective Order. I will use Confidential Information only for the purposes of this litigation.

　　3.　　I will not keep any copies of Confidential Information (including notes or other writings containing or relating to Confidential Information) except to the extent permitted by the

Protective Order, and, upon request, will destroy or return Confidential materials to the attorneys who disclosed this material to me.

Dated: _____   Signature: _____

                                                                     Employer: _____